**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 06-39-C**

**UNITED STATES OF AMERICA,**                                  **PLAINTIFF,**

**V.**                          **JURY INSTRUCTIONS**

**REGINALD HOUGH,**                                       **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**<u>INSTRUCTION NO. 1</u>**

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## **INSTRUCTION NO. 2**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 5**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 6

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in

8

favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## <u>INSTRUCTION NO. 8</u>

The defendant has been charged with two crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## **INSTRUCTION NO. 9**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 10

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 11

Count 1 of the Superseding Indictment accuses the defendant of attempting to commit the crime of knowingly attempting to receive child pornography in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

(A) First, that the defendant intended to commit the crime of knowingly receiving child pornography; and

(B) Second, that the defendant did some overt act that was a substantial step towards committing the crime of knowingly receiving child pornography.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to receive child pornography. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

It is a Federal crime to knowingly receive any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce, including by computer. The Defendant can be found guilty of this crime only if all the following

facts are proved beyond a reasonable doubt:

(A)  First, the Defendant knowingly received an item or items of child pornography;

(B)  Second, the items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

(C)  Third, when the Defendant received the items, the Defendant believed the items contained child pornography.

The definitions in Instruction Number 13 apply to this instruction.

## INSTRUCTION NO. 12

Count 2 of the Superseding Indictment accuses the defendant of knowingly possessing child pornography in violation of federal law.  It is a Federal crime to knowingly possess any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce, including by computer.   The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(A)  First, the Defendant knowingly possessed an item or items of child pornography;

(B)  Second, the items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

(C)  Third, when the Defendant possessed the items, the Defendant believed the items contained child pornography.

The definitions in Instruction Number 13 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 2 on the verdict form.  If not, say so by entering a not guilty verdict as to Count 2 on the verdict form.

## INSTRUCTION NO. 13

The following definitions apply to Instructions 11 and 12.

To "receive" something simply means knowingly to accept or take possession of something. Receipt does not require proof of ownership.

The term "interstate or foreign commerce" is the movement of property between different states or between the United States and any place outside the United States. It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved. Proof of transmission of child pornography over the Internet satisfies the interstate commerce element.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It doesn't matter whether the Defendant knew the child pornography had moved in interstate or foreign commerce. The Government only has to prove that the child pornography actually did move in interstate or foreign commerce.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, portable hand-held calculator, or similar devices that are solely capable of word-processing or arithmetic calculations.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the visual depiction's production involves using a minor engaging in sexually explicit conduct.

"Minor" is any person under 18 years old.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition. To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may

consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the child's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive—for example, in a location or in a pose associated with sexual activity;

- whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

- whether the child is full or partially clothed, or nude;

- whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

- whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

"Possession," may be actual or constructive. To establish actual possession, the Government must prove that the defendant had direct, physical control over the child pornography, and knew that he had control of it. To establish constructive possession, the Government must prove that the defendant had the right to exercise physical control over the child pornography, and knew that he had this right, and that he intended to exercise physical control over the child pornography

at some time, either directly or through other persons.  But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the child pornography, and knew that he did, for you to find him guilty.  This, of course, is all for you to decide.

## INSTRUCTION NO. 14

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" certain dates.  The government does not have to prove that the crimes happened on or between these exact dates.  But the government must prove that the crimes happened reasonably close to these dates.

## INSTRUCTION NO. 15

A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 16

Now I will finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have the foreperson sign them, and then give them to the Court Security Officer. The Court Security Officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One caution about messages: Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**INSTRUCTION NO. 17**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 18

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 19

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with one another about the evidence and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to one another's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 20

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 21**

Remember that if you elected to take notes during the trial, your notes are not evidence and should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. If your memory differs from your notes, you should rely on your memory and not on the notes. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**<u>INSTRUCTION NO. 22</u>**

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and notify the Court Security Officer that you have reached a verdict.

**CRIMINAL ACTION NO. 06-39-C**

**UNITED STATES OF AMERICA,**                                                    **PLAINTIFF,**

**V.**                                   **JURY INSTRUCTIONS**

**REGINALD HOUGH,**                                                              **DEFENDANT.**

* * * * * * * * * * *

We, the Jury, find the defendant, Reginald Hough, as to:

COUNT 1:

_____ GUILTY                      _____ NOT GUILTY

COUNT 2:

_____ GUILTY                      _____ NOT GUILTY


_____
FOREPERSON


_____
DATE